UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TROY ANTHONY MACK     CIVIL ACTION

VERSUS     NO. 16-13458

PEPPER MANUEL     SECTION: "F"(3)

REPORT AND RECOMMENDATION

Plaintiff, Troy Anthony Mack, a state pretrial detainee, filed this civil action pursuant to 42 U.S.C. § 1983. He sued fellow inmate Pepper Manuel. In his complaint, plaintiff claims that he was attacked by Manuel and sustained physical injuries.

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

Even if the Court assumes that plaintiff's allegations are true, his claim must nevertheless be dismissed because Manuel is not a proper defendant in an action brought pursuant to 42 U.S.C. § 1983. The United States Fifth Circuit Court of Appeals has noted:

---

[1] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) *that the deprivation was caused by a person or persons acting under color of state law.*

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted; emphasis added).

As noted, plaintiff alleges that he was attacked and injured by Pepper Manuel, a fellow inmate, who has been named as the sole defendant in this lawsuit. However, it is clear that "an inmate's attack on another inmate cannot be attributed to the state in order to qualify the attacker as a state actor." Hudson v. Kintock Group, Civ. Action No. 12-4728, 2013 WL 6230268, at *3 (D.N.J. Dec. 2, 2013); accord Bryant v. Gusman, Civ. Action No. 15-2251, 2015 WL 9647666, at *6-7 (E.D. La. Dec. 10, 2015), adopted, 2016 WL 69664 (E.D. La. Jan. 6, 2016) (Feldman, J.). Because Manuel was not acting under color of state law, any § 1983 claim against him is legally frivolous. See, e.g., McCallup v. Arender, No. 02-60224, 2002 WL 31730409 (5th Cir. Nov. 27, 2002) (upholding dismissal of claims against persons not shown to be state actors as frivolous); Bryant, 2015 WL 9647666, at *7   If plaintiff wishes to pursue a legal claim against Manuel, he must do so in state court.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fourth day of August, 2016.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**